THE SUPERINTENDENTS OF THE POOR OF WASHTENAW
COUNTY v. MARY RABBITT.

*Insane persons—Support in State asylum—Action by county—*
*Pleading.*

1. It is sufficient in a suit brought by a county under 3 How.
Stat. § 1930c7, to recover from an individual who is liable for
the support of an indigent patient in an insane asylum moneys
paid by said county for such support, to declare upon the
money counts.
2. It need not affirmatively appear from the findings of the trial
judge that the rate of charges for the support of the patient
was fixed by the trustees of the several insane asylums in joint
session, as required by 3 How. Stat. § 1930c8, as the treasurer
of the county is authorized to pay to the treasurer of the
asylum where such support is furnished the amount of such
charges on the order of the steward, which is, to him at least,
*prima facie* evidence of its correctness.

Error to Washtenaw. (Kinne, J.) Submitted on briefs
January 19, 1894. Decided February 12, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The
facts are stated in the opinion.

*Dennis Shields,* for appellant.

*Lehman Bros. & Cavanaugh,* for plaintiff.

MONTGOMERY, J. This action was brought to recover
the amount of moneys expended by the county of Wash-
tenaw for the support of defendant's indigent son, Joseph
Rabbitt. The action is based upon sections 28 and 31 of
Act No. 135, Laws of 1885. Plaintiff recovered, and defend-
ant brings error.

What purports to be testimony in the case is presented
with the record, but there is no bill of exceptions, and no

exceptions appear to have been filed to the findings of fact, nor does it appear that we have all the testimony before us. The only question which we can consider, therefore, is whether the findings support the judgment. The errors assigned, based upon the allegation that the court erred in holding certain facts sufficiently proven, we pass over, as not properly raised, not wishing to imply, however, that there is merit in the points presented, but, as there are no exceptions to the special findings, the questions are not open to consideration.

Act No. 135, § 28, contains the following provisions:

" The expenses of clothing and maintaining in an asylum any indigent or pauper patient who has been received upon the order of any court or officer shall be paid by the county from which he was sent to the asylum, except those provided for as State patients in section twenty-nine. The treasurer of said county is authorized and directed to pay to the treasurer of the asylum the bills for such clothing and maintenance, as they shall become due and payable, according to the by-laws of the asylum, upon the order of the steward. * * * Said county, however, shall have the right, by an action to be brought by the superintendents of the poor, to require any individual, town, city, or county that is legally liable for the support of such patient to reimburse the said county for the amount of said bills, with interest from the day of paying the same."

Section 29 provides that—

" The rate of charge per week to be paid for the board and necessary treatment of all patients of the asylums who are residents of this State shall be annually fixed by the trustees of the several asylums in joint session, and shall not exceed the actual cost of support and attendance, exclusive of officers' salaries."

The findings show that Joseph Rabbitt was committed to the asylum at Pontiac by the order of the probate court; that payments were made by the county for his support at the asylum, aggregating, with interest, $503.83; that the payments were made to the treasurer of the asylum on the

order of the steward; that defendant was able financially to furnish support to her son, being worth $18,000; that the father of Joseph Rabbitt is not living, and that Joseph himself never married, so that it appears that defendant is the only person who is responsible for Joseph's support. It is contended—

1. That the declaration is insufficient.

2. That it does not appear from the findings that the citation was served on Joseph before the order of the probate judge was made.

3. That it does not appear by the findings that the rate of charges was fixed by the trustees of the several asylums in joint session, as required by section 29.

1. It will be observed that section 28 provides for an action to reimburse the county for the amount of the bills paid, and section 31 provides that every county shall have the like rights and remedies, to be enforced by an action to be brought by the superintendents of the poor, to recover the amount of such payments, with interest from the time of paying each bill, as if such expenses had been incurred for the support of the same at other places under existing laws. Turning to the existing law relating to the form of remedy against relatives charged with the support of an indigent person, we find that section 1748, How. Stat., provides that the superintendents may maintain an action against such relatives as for moneys paid, laid out, and expended. The declaration in the present case contains the money counts, and we think the purpose of the foregoing provision was to authorize such a declaration.

2. The claim that the citation was not served on Joseph Rabbitt is not supported by the record. It is true the circuit judge does not directly find the fact, but he makes the order of the probate judge a part of his finding, and this order contains a statement that said Joseph Rabbitt was duly notified. We cannot, without going into the evidence, determine whether this was so or not; and, as

already said, there is no bill of exceptions showing that all the evidence is before us, nor are there any exceptions to the findings of fact as not supported by the evidence.

3. We do not think it essential to the right of plaintiff to recover that it should affirmatively appear by the findings that the rate of charges was fixed by the trustees in joint session, as provided by section 29. The treasurer of the county is authorized and directed to pay to the treasurer of the asylum the amount of the bills on the order of the steward. The order is, to him at least, and we think in all places, *prima facie* evidence of its correctness. The bill is rendered by a public officer charged with that duty, and the presumption in favor of the regularity of official action obtains.

We find no error, and the judgment will be affirmed, with costs.

The other Justices concurred.